United States District Court
Southern District of Texas
**ENTERED**
October 26, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARMANDO PINA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-78 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Armando Pina is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Clements Unit in Amarillo, Texas. Proceeding *pro se* and *in forma pauperis*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on January 9, 2015.[1] The underlying conviction which is the subject of the petition is a 2006 Bee County conviction for two counts of aggravated assault by threat with a deadly weapon. Petitioner claims that his constitutional rights were violated during the trial and appellate proceedings. Respondent filed a motion to dismiss on May 8, 2015 to which Petitioner responded on October 19, 2015 (D.E. 15, 26). For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and Petitioner's

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mail system on January 14, 2015 and normally it would be considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases. However, inexplicably, the petition was received and docketed on January 9, 2015 and it will be considered filed as of that date.

Application for Habeas Corpus Relief be dismissed as time-barred.  It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner was convicted in Bee County, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On May 4, 2006 Petitioner was indicted on two counts of aggravated assault by threat with a deadly weapon, enhanced by a previous conviction to a first degree felony. *Ex Parte Pina*, WR-73,747-01 at 55-56 (D.E. 14-17, pp. 15-16).  He was tried by a jury in the 156th District Court of Bee County, Texas.  Testimony at trial showed that on October 7, 2005, Petitioner was a passenger in a vehicle that blocked the passage of another vehicle.  While the two vehicles were stopped, Petitioner got out of the first vehicle and shot at the windshield of the second vehicle with a double-barreled shotgun. No one was injured.

On August 11, 2006 the jury found Petitioner guilty on both counts and the court sentenced him to two concurrent thirty-year sentences. *Id.* at 57-58 (D.E. 14-17, pp. 17-18).  Petitioner filed a direct appeal and the Thirteenth Court of Appeals affirmed his conviction on May 8, 2008. *Pina v. State*, No. 13-07-00304, 2008 WL 4723031 (located herein at D.E. 14-17, pp. 29-33).  Petitioner sought a petition for discretionary review

(PDR) and it was refused on August 20, 2008. *Pina v. State*, No. PD-0794-08 (D.E. 14-2).

Petitioner filed an application for habeas corpus relief in state court on December 11, 2009. *Ex Parte Pina*, WR-73,747-01 at 2-13 (D.E. 14-16, pp. 6-17). The trial court entered findings of fact and conclusions of law and the Texas Court of Criminal Appeals denied the application without written order on May 5, 2010. *Ex Parte Pina*, WR-73,747-01 at "Action Taken" page (D.E. 14-16, p. 2).

Petitioner filed the instant petition for habeas corpus relief on January 9, 2015 and argues that he received ineffective assistance of counsel because his attorney caused him to procedurally default some of his claims. He also complains that his attorney failed to properly file his petition for discretionary review and that because he served as both trial and appellate counsel, he had a conflict of interest and could not bring an effective assistance of counsel claim in the appeal.

In his motion to dismiss, Respondent asserts that Petitioner's cause of action is barred by the statute of limitations. Respondent concedes that the petition is not second or successive but reserves the right to raise the issue of exhaustion if the cause of action is not dismissed as untimely.

In his response, Petitioner counters that he was misled by his attorney about the date his PDR was denied and also that prison officials have lost and destroyed his legal documents multiple times. He argues that because of those circumstances, he is entitled to equitable tolling of the statute of limitations.

## APPLICABLE LAW

**A.  Statute of Limitations**

Respondent argues that petitioner's application for habeas corpus was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant  was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on November 18, 2008, which was ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary

review.  Sup. Ct. R. 13.1 and 13.3.  He had one year from that date, or until November 18, 2010, to file his federal petition.  He did not file it until January 9, 2015, more than five years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  Petitioner filed his first state application on December 11, 2009. Because the petition was filed after the limitations period had expired, it did not toll the limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues that he is entitled to equitable tolling.  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)). The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court.  *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  *Coleman*, 184 F.3d  at 402.  A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

Petitioner asserts that his attorney failed to timely inform him that the PDR had been filed and he did not learn that the PDR had been refused until May 4, 2009 (D.E. 1, p. 3).  Giving Petitioner every benefit of the doubt, even if he did not learn until May 4, 2009 that his PDR had been refused, and even if that date were used to calculate the limitations period, his deadline to file a federal petition would have begun ninety days later, or on Monday, August 3, 2009 and would have expired on August 3, 2010.   If his state habeas application tolled the statute of limitations, it would have done so for the 146 days that it was pending.  Adding 146 days to the August 3, 2010 deadline to file a federal habeas action would have extended it to December 28, 2010.  Because Petitioner did not file his application until January 9, 2015, it still would be barred by the statute of limitations.

Petitioner also argues that he has diligently been pursuing his rights but that prison officials have repeatedly lost and destroyed his legal documents.   Petitioner claims that the Hughes Unit lost his legal paperwork at some point prior to his transfer to the Robertson Unit in early October 2010.  Assuming that is true, Petitioner had from May 5,

2010, when his state habeas petition was denied, until his paperwork was lost, to file a federal habeas petition, but did not do so.   Also at the time of his transfer to the Robertson Unit, Petitioner still had almost three months to inform the court that he did not have his paperwork and to file a bare bones petition, but again, did not do so. Petitioner claims that he attempted to buy another copy of his record in January 2011 and received some of the documents and was able to purchase the rest of them in May 2011. He states that prison officials lost his paperwork again and that he had to repurchase it in April 2012.   That paperwork also was misplaced, but he recovered it in November 2014 and filed his habeas petition in January 2015.

Based on Petitioner's assertions, he had several months after his state habeas application was denied to file his federal habeas action and had time after his documents were lost before the deadline ran to attempt to obtain them or inform the Court of his predicament, but never did so.   Equity is not intended for those who sleep on their rights. *Covey v. Arkansas River Co.* 865 F.2d 660, 662 (5th Cir. 1989).   Petitioner has not shown that he is entitled to equitable tolling.

Petitioner's application is barred by the statute of limitations.   Accordingly, his habeas corpus cause of action should be dismissed with prejudice.

## B.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.   See *Alexander v. Johnson*,

211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 120 S.Ct. at 1604 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  Reasonable jurists would not find it debatable that Petitioner's claims are time-barred.  Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## RECOMMENDATION

It is respectfully recommended that Respondent's motion to dismiss  (D.E. 15) be granted.  Petitioner's application for habeas corpus relief should be dismissed with prejudice because it is time-barred.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 26th day of October, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).